McALESTER-EDWARDS COAL CO. *et al.* v. TRAPP. *State Auditor, et al.*

No. 4795. Opinion Filed May 13, 1913.

Publication Withheld Until September 24, 1913.

Action by the McAlester-Edwards Coal Company and others against M. E. Trapp, State Auditor, and others. Judgment for defendants, and plaintiffs bring error. Motion to require plaintiffs in error to execute a supersedeas bond, and advance the case. Sustained in part and denied in part.

*Gordon & McInnis,* for plaintiffs in error.
*Chas. West.,* Atty. Gen., for defendants in error.

PER CURIAM. The Attorney General, on behalf of the defendants in error, has filed a motion wherein he states that the injunction "herein was granted without requiring a bond

to be made by the complainant coal companies to cover the taxes that would be due in case the law is held constitutional; that the constitutionality of the law was sustained by the lower court, and, therefore, the coal companies should be required to give bond to the state sufficient to cover the amount of the mining production tax that will be due from each of them at the time of the probable decision of this case.

"And further complainants say that this case involves substantially a large portion of the coal mining properties in the McAlester district and therein involves a very large amount of taxes for such purpose due the state of Oklahoma; that defendants are not able to state exactly how much is involved, for the reason that the coal companies have not made the report required by law upon which said amount may be estimated, but it is the belief and understanding of the defendants that at least the sum of fifty thousand (50,000.00) dollars is herein involved, and because of the multiplicity of suits provided for by this case, and because of the large amount of money involved, that the case ought to be advanced for hearing and set down at the next term of this court, for which the appellees will ever pray."

As to the question of requiring the plaintiffs in error to give bond, this is a proceeding in error to review the action of the lower court in refusing to enjoin the collection of taxes. No provision of the law is cited by the Attorney General wherein this court would be authorized to require such bond to be given. On the contrary, as no supersedeas has been sought on the part of the plaintiffs in error, there appears to be nothing to prevent the proper officials on the part of the state from proceeding to collect these taxes pending the determination of this appeal.

For the foregoing reason the motion to advance is sustained, but otherwise the motion is denied.